# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN SATCHER,**

    **Petitioner,**

**v.**                                               **Case No. 5:15CV152**
                                                      **(Judge Stamp)**

**J. SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

The petitioner, Stephen Satcher, initiated this habeas action pursuant to 28 U.S.C. § 2241 on November 30, 2015, in this Court. ECF No. 1. On December 9, 2015, the respondent was directed to show cause why the petition should not be granted. ECF No. 6. The respondent filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause on January 6, 2012. ECF No. 8. On January 20, 2016, a Roseboro Notice was issued. ECF No. 10. On January 21, 2016, the petitioner filed a response. This case, before me for a report and recommendation pursuant to LR PL P § 2, et seq., is ripe for review.

## I. Factual History

Petitioner is serving a life sentence for kidnapping and murder. ECF No. 9, p. 2. At sentencing, Petitioner was ordered to pay restitution of $1,010,374.80. Id. Upon arrival at FCI Hazelton, petitioner agreed to participate in the Inmate Financial Responsibility Program (IFRP). Id.

## II. The Petition

The petitioner asserts that only the sentencing court can fix a payment schedule (for restitution). ECF No. 1, p. 10. Petitioner further contends the BOP has unlawfully fixed his restitution schedule through the IFRP at $25.00 per quarter and that he is entitled to be placed on the exempt status. Id. Petitioner contends $505,187.40 was the amount of restitution ordered. ECF No. 1, 1.1, p. 2.

## III. The Response

In response to the petition, the respondent asserts that the Judgment and Commitment Order required restitution and did not delegate the task of establishing a payment schedule to the BOP, and therefore, did not improperly delegate its core judicial function. The respondent further contends Petitioner agreed to participate in the IFRP upon his arrival at FCI Hazelton.

## IV. The Reply

In his reply to the Roseboro Notice, petitioner asserts respondent does not dispute petitioner's allegation that the sentencing court did not set a payment schedule. Petitioner concedes he did enter into the payment program but contends he was coerced. ECF No. 11, p. 1.

## V. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the

complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id., to one that is "plausible on its face," rather than merely "conceivable." Id. (citations omitted); at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted

3

unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson. 477 U.S. at 248. It is well recognized that any permissible inferences

to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## VI. Analysis

The IFRP was enacted to assist an inmate "to meet his or her legitimate financial obligations" and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, although the petitioner's failure to comply with the IFRP can have negative consequences on the inmate, see 28 C.F.R. § 545.11(d), compelled participation in the program neither is punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. Therefore, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." Id. The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution. Moreover, where the "court does not specify the term of payment or allow payments in installments, the

restitution is payable immediately." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); see also Miller 77 F.3d at 77-78 (noting that 18 U.S.C. § 3572(d) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain or in installments").

The Judgement and Commitment Order provides in pertinent part:

> The total amount of restitution is $505,187.40. The defendant has agreed to participate in the Inmate Responsibility Program (IFRP). Therefore, the defendant shall make restitution through 6625, U.S. Courthouse Financial Litigation Unit, 101 West Lombard Street, 2nd Floor, Baltimore, Maryland 21201, to Evelyn Dickerson, as the trustee for Janai Dickerson in the amount of $504,537.40. Additionally, the defendant shall make restitution in the amount of $650.00 payable to the New Mount Vernon Baptist Church. ECF No. 9-1. Ex B, p. 13.

and

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ A *Special Assessment Fee* in the amount of **$500.00** in full immediately; or

B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than _____; or

D ☐ Installments to commence _____ day(s) after the date of this judgment.

E ☐ Restitution in the amount of $505,187.40.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the *Bureau of Prisons' Inmate Financial Responsibility Program.*

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐ in equal monthly installments during the term of supervision; or

☐ on a nominal payment schedule of $_____ per month during the term of supervision. ECF No. 9-1, Ex. B, p. 17.

18 U.S.C. § 3572 (d)(1) provides:

"[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1)."

A district court lacks authority to delegate to a probation officer or the Bureau of Prisons the final authority to determine the amount and timing of restitutionary installment payments. United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996).

Respondent contends this Court's decision in Ewing v. Carter, Civ. Action No. 2:13-CV-56 2014 WL 1516332 (N.D. W.Va. Apr. 17, 2014) holds that when amount and timing are set by sentencing court Miller is applicable. In Ewing this Court directed restitution was due immediately. In this case the Judgment and Commitment Order is silent as to the timing of the payment.

Respondent also suggests Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) as applicable. However that case held that the BOP has discretion to place an inmate in the IFRC when the sentencing court has ordered immediate payment. But here the sentencing court did not order immediate payment. Likewise U.S. v. Caudle, 261 Fed. App'x 501 (4th Cir. 2008) involved a case when the monetary penalties were due immediately unlike this case. Similarly, Coleman v. Brooks,

7

133 Fed. App'x 51 4th Cir. (2005) speaks of immediate payment. That is not the situation in this case. Once again payment was due immediately in <u>Webb v, Hamidullah</u>, Civ. Action No. 0:06-422-HFF-BM, 2006 WL 1946441 (D. SC July 11, 2006). Not so in this case. <u>U.S. v. Callan</u>, 96 Fed. App'x 299 (6th Cir. 2004) required immediate payment. Not so in this case.

The order in the case at bar does not require immediate payment.

## VII. <u>Recommendation</u>

For the foregoing reasons, the petitioner's allegation that the sentencing court improperly delegated its authority to set the amount and timing of his restitution payment to the BOP is with merit. Because the sentencing court did not require immediate payment which is necessary as per <u>Miller</u>, it is the recommendation of the undersigned that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [ECF No. 8] be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: June 17, 2016

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE