IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN SATCHER,

    Petitioner,

v.                                       Civil Action No. 5:15CV152
                                                    (STAMP)

DAVID WILSON, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DECLINING TO ACCEPT AND ADOPT REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
SUSTAINING RESPONDENT'S OBJECTIONS
AND GRANTING RESPONDENT'S MOTION TO
DISMISS OR FOR SUMMARY JUDGMENT**

The petitioner, Stephen Satcher ("Satcher"), filed this pro se[1] petition under 28 U.S.C. § 2241 alleging that the Federal Bureau of Prisons ("the BOP") has unlawfully set a restitution schedule by requiring Satcher to pay $25.00 per quarter in restitution under the Inmate Financial Responsibility Program ("the IFRP"). This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that the respondent's motion to dismiss or for summary judgment be denied. The respondent filed objections to the report and recommendation. For the following reasons, this Court declines to accept and adopt the magistrate judge's report and recommendation, sustains the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

respondent's objections, and grants the respondent's motion to dismiss or for summary judgment.

## I. Background

In 1998, Satcher plead guilty to kidnapping resulting in death, conspiracy to commit kidnapping, carjacking resulting in death, interstate domestic violence, and interstate stalking. The United States District Court for the District of Maryland sentenced Satcher to life imprisonment to be followed by five years of supervised release. The court also ordered Satcher to pay restitution in the amount of $505,187.40. The Judgment and Commitment Order ("J&C") states that "the defendant has agreed to participate in the Inmate Responsibility Program," ECF No. 9-1 at 13, 15, and that "[u]nless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the **Bureau of Prisons' Inmate Financial Responsibility Program**." Id. at 17 (emphasis in original).

Magistrate Judge Seibert concluded that the sentencing court improperly delegated its sentencing authority to BOP by directing that Satcher be enroled in the IFRP. The magistrate judge concluded that the sentencing court did not retain ultimate authority over determinations of the amount and timing of restitutionary installment payments because the J&C does not make payment due immediately or set a payment schedule. Thus,

2

Magistrate Judge Seibert concluded that the sentencing court improperly delegated its authority to set the amount and timing of the defendants restitution payments to the BOP. The respondent timely filed objections to the magistrate judge's report and recommendation, arguing that restitution was payable immediately by default and that the sentencing court did not delegate its sentencing authority to BOP.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

"[A] district court lacks authority to delegate to the probation officer [or BOP] the final authority to determine the amount of restitutionary installment payments, without retaining ultimate authority over such decisions." United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996). However, "a prisoner's participation in the BOP's IFRP program is [not] an abdication of

3

the court's 'core judicial function,'" where "the sentencing court has already determined the amount and timing of the [restitution]." Summersett v. Baucknecht, 496 F. Supp. 2d 636, 639-40 (D.S.C. 2007). In such circumstances, "the sentencing court merely permits [the petitioner] to pay his [restitution] . . . through the BOP's financial program." Id. at 639.

Magistrate Judge Seibert concluded that the sentencing court abdicated its "core judicial function" by failing to specify the timing of restitution payments. However, under 18 U.S.C. § 3572(d) "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). Accordingly, unless a sentencing court specifically provides for "payment on a date certain or in installments," the fine or restitution is due immediately.

Here, the J&C provides that "the defendant has agreed to participate in the Inmate Responsibility Program (IFRP)," ECF No. 9-1 at 13, 15, and that "[u]nless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the **Bureau of Prisons' Inmate Financial Responsibility Program**." Id. at 17 (emphasis in original). Thus, the sentencing court did not order "payment on a

4

date certain or in installments." Accordingly, Satcher's restitution was payable immediately under § 3572(d). Therefore, the sentencing court ordered the amount and timing of restitution, and "the sentencing court merely permitt[ed] [Satcher] to pay his [restitution] . . . through the BOP's financial program." Summersett, 496 F. Supp. 2d at 639.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 15) is NOT ACCEPTED AND ADOPTED, and the respondent's objections to the report and recommendation (ECF No. 18) are SUSTAINED. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 8) is GRANTED. Further, it is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

If the petitioner wishes to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 29, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE